UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EA INDEPENDENT FRANCHISEE ASSOCIATION, LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>EDIBLE ARRANGEMENTS INTERNATIONAL, INC., EA CONNECT, INC., NETSOLACE, INC., DIPPEDFRUIT, INC. and XYZ CORPORATIONS 1-20,<br><br>    Defendants. | Case No.  3:10-cv1489 (WWE)<br><br>December 9, 2010 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
RULING ON MOTION TO DISMISS FOR LACK OF STANDING**

**I.      INTRODUCTION**

Defendants Edible Arrangements International, Inc. ("EAI"), EA Connect, Inc., Netsolace, Inc. and Dippedfruit, Inc. (collectively, "Defendants") submit this memorandum of law in support of their motion under Fed. R. Civ. P. 26(c) for an order staying discovery in this action pending this Court's ruling on their recently filed motion to dismiss Plaintiff's Complaint for lack of standing ("Motion to Dismiss"). As demonstrated in Defendants' Motion to Dismiss, Plaintiff EA Independent Franchisee Association, LLC ("EAIFA" or "the Association") lacks standing to assert claims for breach of contract and statutory violations on behalf of its member franchisees because, among other things, (i) each of its members is obligated to arbitrate disputes with EAI and the other Defendants on an individual and not collective basis; and (ii) both the nature of the claims that EAIFA asserts and the declaratory relief it seeks require the participation of its individual members in the lawsuit. Because Defendants' Motion to Dismiss is well-grounded in fact and law and thus is likely to result in a complete dismissal of this action,

a temporary stay of discovery is warranted until that motion is decided.  Also, a temporary stay of discovery would preserve the benefits of the arbitration agreements between EAI and EAIFA's members and would not prejudice EAIFA.

## II.  BACKGROUND FACTS

As alleged in the Complaint, EAIFA claims that EAI recently implemented a number of changes to its franchise system that were not authorized by the parties' franchise agreements, were not adequately disclosed to franchisees when they purchased their franchises, and are unfair, oppressive and unreasonable.  The system-wide changes that EAIFA seeks to challenge include:  (1) the EAConnect Program, an on-line product ordering and fulfillment system operated by EAI's affiliate, EA Connect, Inc., under which EAI has reserved the right to charge franchisees a fee of up to 20% per order for orders processed through the program (Complaint ¶¶ 54-74); (2) a new store management system software program, called SMS-X, for which EAI's affiliate, Netsolace, Inc., is charging a fee not authorized by the software agreements between Netsolace and the individual franchisees, but which fee has been implemented with EAI's knowledge and approval (*id.,* ¶¶ 75-92); (3) a policy requiring all of EAI's franchised stores to remain open seven days a week, including Sundays, which is contrary to the expectations that franchisees formed when they purchased their businesses and which is adversely affecting their bottom line (*id.,* ¶¶ 93-105); (4) a requirement that franchisees purchase produce products from a limited group of approved suppliers selected by EAI, despite the fact that franchisees can obtain higher quality produce more efficiently and economically from non-approved vendors (*id.,* ¶¶ 106-116); (5) a requirement that franchisees pay a 20% commission for orders referred to them by EAI from certain corporate customer national accounts through a mechanism known as "Store 98" (*id.,* ¶¶ 117-129); and (6) a website known as dippedfruit.com through which EAI sells many

of the same products offered by Edible Arrangements franchisees and through which it has been encroaching on the exclusive territories of some of those franchisees (*id.,* ¶¶ 130-140.)

Based on these allegations, EAIFA seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, that, among other things, EAI's implementation of the various changes to its franchise system is not permitted under one or more unspecified versions of EAI's franchise agreements, was done in bad faith, is a violation of the implied covenant of good faith and fair dealing, and constitutes violations of the Connecticut Unfair Trade Practices Act.

As set forth in Defendants' Motion to Dismiss, EAI's franchise agreements with its franchisees require the franchisees on an individual basis to arbitrate their disputes with EAI and its affiliates arising out of or relating to the franchise agreement or the parties' franchise relationship, and to do so under the auspices of the American Arbitration Association ("AAA") and its arbitration rules. That arbitration agreement provides in relevant part as follows:

> Franchisee and EA[I] agree that, except for controversies, disputes, or claims related to or based on improper use of the Names and Marks or Confidential Information, all controversies, disputes or claims between EA[I] and its affiliates, and their respective shareholders, officers, directors, agents and/or employees, and Franchisee (and/or its owners, guarantors, affiliates, and/or employees) arising out of or related to: (1) this Agreement or any other agreement between them; (2) EA[I]'s relationship with Franchisee; (3) the validity of this Agreement or any other agreement between them; or (4) any System Standard; must be submitted for binding arbitration, on demand of either party, to the American Arbitration Association ("AAA"). The arbitration proceedings will be conducted by one arbitrator and, except as this Subsection otherwise provides, according to the AAA's then current arbitration rules.
>
> \*     \*     \*     \*
>
> Franchisee and EA[I] agree that the arbitration will be conducted on an individual, not a class-wide, basis and that an arbitration

> proceeding between EA[I] and its affiliates . . . and Franchisee . . . may not be consolidated with any other arbitration proceeding between EA[I] and any other person.

(Declaration of Kristy Ferguson, ¶ 14, Ex. B.)  This broad arbitration provision, which indisputably covers the breach of contract and statutory violation claims asserted by EAIFA in this case, is contained in the franchise agreement of nearly every Edible Arrangements franchisee in the system.  (*Id.*, ¶ 13.)

On December 6, 2010, Defendants filed their Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) based on EAIFA's lack of standing to assert claims for breach of contract and statutory violations on behalf of its member franchisees.  Prior to that time, EAIFA's counsel sent a nine-page letter dated November 3, 2010 to Defendants' counsel requesting that Defendants preserve a vast array of electronic data and other documents relating to virtually every aspect of the Edible Arrangements system that EAIFA apparently believes are relevant to the issues in dispute and potentially subject to discovery.  (A copy of that November 3, 2010 letter is attached hereto as Exhibit A.)  No discovery has yet occurred in the case, and the parties have not yet held or scheduled a Rule 26(f) conference inasmuch as Defendants filed their appearances fewer than 30 days ago.

### III.  ARGUMENT

"Pursuant to Fed. R. Civ. P. 26(c), the court 'has discretion to stay discovery for good cause, and good cause may be shown where a party has filed (or sought leave to file) a dispositive motion.'"  *Cuartero v. United States*, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.,* 1996 WL 101277 (S.D.N.Y. Mar. 7, 1996)); *accord Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) ("Good cause may be shown where a party has filed . . . a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order."); *Spencer Trask*

*Software & Information Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Anti-Monopoly,* 1996 WL 101277, at *2 (collecting cases).[1]  "In determining whether good cause exists for a stay of discovery, three factors are considered: (1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party."  *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007); *accord Waterbury Hosp. v. U.S. Foodservice Inc.*, 2007 WL 328899, at *1 (D. Conn. Feb. 1, 2007); *Cuartero*, 2006 WL 3190521, at *1.

In this case, good cause exists for a stay of discovery because (1) Defendants' Motion to Dismiss is well grounded and likely to succeed, (2) EAIFA has signaled its intent to conduct very broad discovery even though its members would have no right to pursue *any* court-supervised discovery under their arbitration agreements, and (3) EAIFA would not suffer any prejudice if a temporary stay of discovery is granted.

### A.     **Defendants' Motion To Dismiss Is Strong.**

As demonstrated more fully in Defendants' Motion to Dismiss, which Defendants respectfully request that the Court review in conjunction with the instant motion to stay discovery, Defendants' position that EAIFA lacks standing to assert the claims in the Complaint on behalf of its member franchisees is well founded in law and fact.  It is undisputed that the claims asserted by EAIFA for breach of contract and statutory violations fall squarely within the scope of the arbitration agreements between EAIFA's members and EAI (including its affiliates), which cover all disputes arising out of or related to the parties' franchise agreements or their franchise relationship.  Accordingly, as required by the terms of those arbitration agreements, the

---

[1]     Copies of all unpublished cases cited herein are attached hereto and in alphabetical order at Exhibit B.

claims must be arbitrated by the franchisee members on an individual basis and cannot be asserted by the Association on their behalf in a judicial forum. Courts have uniformly held that an association lacks associational standing to assert claims on behalf of its members where the members are individually obligated to arbitrate their disputes with the defendant. *See* Defendants' Memorandum in Support of Their Motion to Dismiss for Lack of Standing ("Memo in Support"), at pp. 21-23 (citing cases). [Docket # 26].

In addition, the nature of EAIFA's claims for breach of contract and statutory violations requires the participation of individual franchisees, thereby failing to satisfy one of the three elements of associational standing in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977). As demonstrated more fully in the Motion to Dismiss, individual participation of EAIFA's members is necessary because of (i) the many different versions of EAI's franchise agreements and franchise disclosure documents at issue, (ii) the differing circumstances under which the franchisees operate their businesses and, thus, the differing impact of EAI's alleged wrongful conduct on their businesses, and (iii) EAIFA's allegations that EAI treated franchisees differently in enforcing a number of the new programs. Under similar circumstances in the franchise context, the vast majority of courts have concluded that franchisee associations lack standing to sue on behalf of their franchisee members due to the required participation by their individual members in the lawsuit. *See* Memo in Support, at pp. 18-21 (citing cases).

Finally, as also demonstrated in Defendants' Motion to Dismiss, EAIFA lacks standing under the *Hunt* test because the type of relief it requests – a declaratory judgment regarding Defendants' breaches of contract and statutory violations – likewise will require the participation of individual franchisees to enable the Court to make its discretionary determination under the

Declaratory Judgment Act whether to entertain an action for declaratory relief. *See* Memo in Support, at pp. 30-33 (citing cases).

Defendants' Motion to Dismiss easily satisfies the likelihood of success threshold for determining whether good cause exists for a stay of discovery. *See, e.g., Cuartero*, 2006 WL 3190521, at *2 (finding good cause to grant a stay of discovery because, among other things, "defendant's memorandum of law does appear to raise substantial issues"); *Frontier Steel Bldgs. Corp. v. S.J. Amoroso Constr. Co., Inc.*, 2008 WL 1925100, at *1-2 & n. 1 (D. Colo. May 1, 2002) (granting motion to stay discovery during pendency of motion to dismiss or transfer where motion was supported by legal analysis and not mere "conclusory assertions" and raised issues that were beyond "idle speculation"); *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery pending ruling on potentially dispositive motion to dismiss that "appears to be not unfounded in the law" in order to avoid the need for costly and time-consuming discovery); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) (staying discovery where motions to dismiss "appear to have substantial grounds").

    **B.**    **In The Absence Of A Stay, EAIFA Is Likely To Pursue Broad Discovery To Which It Is Not Entitled.**

Given the detailed nature of EAIFA's Complaint and the wide range of alleged new programs it seeks to challenge, there is little question that EAIFA intends to pursue extensive discovery if a temporary stay of discovery is not granted. That is equally clear from the November 3, 2010 letter from EAIFA's counsel demanding that Defendants preserve a multitude of electronic records and other information that may be the subject of EAIFA's discovery requests. (*See* Exhibit A attached hereto.) Permitting such broad discovery to proceed at this stage of the litigation would be grossly inefficient for both sides and may unnecessarily deplete

the parties' resources if the Court should ultimately determine that it lacks subject-matter jurisdiction to decide the case or supervise the parties' discovery for that matter. *See, e.g., Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (upholding trial court's decision to stay discovery pending decision on forum non conveniens motion, because permitting discovery would defeat the very purpose of the motion); *Cuartero*, 2006 WL 3190521, at *3 (staying discovery because "[p]ermitting discovery to proceed at this point would be unduly burdensome to the defendants and would be inefficient for both parties, since the court's decision on the Motion to Dismiss may significantly narrow the issues"); *Spencer Trask Software*, 206 F.R.D. at 368 (granting motion to stay discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources"); *Gandler*, 1994 WL 702004, at *4 (granting stay of discovery in order to avoid the need for costly and time-consuming discovery).

Moreover, a stay of discovery is all the more warranted in this case because, as noted above, one of the principal reasons for EAIFA's lack of standing is that its members are obligated to arbitrate their disputes with EAI and its affiliates on an individual basis under the auspicies of the AAA and its arbitration rules. Thus, any discovery should be pursued by EAIFA's members in individual arbitration proceedings and under the AAA's rules (available at www.adr.org), and not by their surrogate association in a judicial forum. For this reason, courts routinely grant stays of discovery pending resolution of motions to compel arbitration or to stay litigation pending arbitration. *See, e.g., Coneff v. AT&T Corp.*, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.*, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel

arbitration); *Ross v. Bank of America*, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Intertec Contracting v. Turner Steiner Int'l, S.A.*, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."). As Judge Posner in the Seventh Circuit has observed, permitting discovery on the merits before the issue of the arbitrability of a dispute is resolved "puts the cart before the horse" because, "[i]f a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrator." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). Accordingly, the parties should not be required to endure the expense of discovery in a judical forum when that discovery is exclusively the arbitrator's province to oversee. Any other approach would subject Defendants "to the very complexities, inconveniencies, and expenses of litigation that [the parties] determined to avoid [by agreeing to arbitrate]." *Suarez-Valdez v. Lehman American Express, Inc.*, 858 F.2d 648, 649-50 (11th Cir. 1998) (Tjoflat, J., concurring).

    C.    <u>**Plaintiff Will Not Be Prejudiced By A Stay Of Discovery.**</u>

Good cause for a stay of discovery also exists because EAIFA will not be prejudiced by a stay until the Court rules on Defendants' Motion to Dismiss. The parties have yet to file a joint Rule 26(f) planning report, no discovery deadlines are yet in place, and neither side has commenced discovery. Since the case is still in its initial stages, EAIFA will not be prejudiced by a temporary delay in the commencement of discovery during the pendency of the Motion to Dismiss. *Cuartero*, 2006 WL 3190521, at *2 (observing that any prejudice from stay of discovery would be minimal because stay would last only until resolution of motion to dismiss);

*Gandler*, 1994 WL 702004, at *4 (concluding that discovery stay presented no "unfair prejudice" to plaintiffs). In fact, if the Motion to Dismiss is granted, the requested stay will save both parties considerable time and expense on discovery motions and proceedings in a case that does not belong in this Court because the Court lacks subject-matter jurisdiction over EAIFA's claims.

## IV.   CONCLUSION

For all the reasons stated above, Defendants respectfully request that the Court enter an order staying discovery in this action until it has ruled on Defendants' Motion to Dismiss.

        THE DEFENDANTS,
        EDIBLE ARRANGEMENTS
        INTERNATIONAL, INC., EA CONNECT, INC.,
        NETSOLACE, INC. AND DIPPEDFRUIT, INC.

By: /s/James T. Shearin
    James T. Shearin, Esq. (ct 01326)
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    Juris No. 47892
    Phone:  (203) 330-2000
    Facsimile (203) 576-8888
    E-mail:  jshearing@pullcom.com

By: /s/John F. Verhey
    John F. Verhey, Esq.
    DLA Piper LLP (US)
    203 North LaSalle Street, Suite 1900
    Chicago, IL  60601-1293
    Phone:  (312) 368-4044
    Facsimile:  (312) 251-2194
    E-Mail:  john.verhey@dlapiper.com

**CERTIFICATION**

      I hereby certify that on December 9, 2010, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/John F. Verhey
      *Admitted Pro Hac Vice*