# EXHIBIT A

**MARKS & KLEIN, LLP**

63 Riverside Avenue
Red Bank, NJ 07701
T: (732) 747-7100
F: (732) 219-0625

JUSTIN M. KLEIN
justin@marksklein.com
Admitted in New Jersey and New York

www.marksklein.com

New York Office:
55 Wall Street
New York, NY 10005

November 3, 2010

**_VIA FIRST CLASS MAIL_**
**_and EMAIL (john.verhey@dlapiper.com)_**

John F. Verhey, Esq.
DLA Piper
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293

      Re:    **_EA Independent Franchisee Association, LLC v. Edible Arrangements International, Inc., et al._**
             Civil Action No.: 10-cv-01489 (WWE)

Dear Mr. Verhey:

      Please accept this correspondence as formal notice to your clients, Edible Arrangements, LLC ("EA"), Edible Arrangements International, Inc. ("EAI"), EA Connect, Inc. ("EA Connect"), Netsolace, Inc. ("Netsolace"), and DippedFruit, Inc. ("DippedFruit") (collectively herein "Defendants"), in connection with the above referenced matter, advising Defendants not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on your clients' computers and storage media (e.g., hard disks, floppy disks, backup tapes, Zip cartridges, CDs, DVDs, etc.), or any other electronic data, such as voice mail. This notification should be construed to apply to any such data generated by and/or stored on the computers of any Defendants' employees, agents, or representatives, and to include business computers as well as personal computers, insofar as such personal computers are used in the course of business.

      We ask that if Defendants have a policy involving periodic destruction of such information that you advise your client to suspend the policy immediately in so far as it pertains to the subject information. Please be advised that merely opening a computer file or e-mail may alter and obliterate important information.

      As you know, your clients' failure to comply with this notice may result in severe sanctions being imposed by the Court for spoliation of evidence or potential evidence. Through discovery we expect to obtain from your clients, a number of documents and things, including files stored on your clients' computers and your clients' computer storage media.

**MARKS & KLEIN, LLP**

**MARKS & KLEIN, LLP**

To avoid spoliation, you will need to provide the data requested on the original media, or on exact copies of that media (sometimes referred to as image, evidentiary, or mirror copies), and be able to prove that the copy matches the original in every respect.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists, we will seek all documents in their electronic form along with information about those documents contained on the media. We will also seek paper printouts of those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist.

Our discovery requests will ask for certain data on the hard disks, floppy disks and backup media used in your clients' computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." While a user may "erase" or "delete" a file, all that is actually erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. *See, e.g., Easley, McCaleb & Assocs. Inc. v. Perry*, No. E-2663 (Ga. Super. Ct. July 13, 1994) ("deleted" files on a party's computer hard drive held to be discoverable, and plaintiff's expert was allowed to retrieve all recoverable files); *Santiago v. Miles*, 121 F.R.D. 636, 640 (W.D.N.Y. 1988) (request for "raw information in computer banks" was proper and obtainable under the discovery rules); *Gates Rubber Co. v. Bando Chemical Indus., Ltd.*, 167 F.R.D. 90, 112 (D. Colo. 1996) (mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); *Northwest Airlines, Inc. v. Teamsters Local 2000, et al.*, 163 L.R.R.M. (BNA) 2460, (D. Minn. 1999) (court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the internet); and *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309 (S.D.N.Y 2003) (requiring UBS to produce "all responsive emails that exist on its optical disks or on its active servers" and from its backup tapes).

Accordingly, electronic data and storage media that may be subject to our discovery requests and that your clients are obligated to maintain and not alter or destroy, include but are not limited to the following:

All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your clients' computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz or Zip cartridges, CD-ROMs, DVDs) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, your clients are to preserve all e-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all video and audio files; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft

**MARKS & KLEIN, LLP**

PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal or portable data assistants (PDAs), such as Blackberry, PalmPilot, I-Phone, Cassiopeia or any other Windows CE-based or Pocket PC device; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser generated history files, caches and "cookie" files generated at the workstation of each employee and/or agent in your clients' employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

Further, your clients are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your clients' control and custody, as well as image copies of all hard drives retained by your clients and no longer in service, but in use at any time from the date of EA's founding in 2001.

Your clients are also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

The documents and communications contemplated by this notification include, without limitation:

**1. Business Records**: All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.

   a.   All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received by the following persons:

- Tariq Farid;
- Kamran Farid;
- Any and all individuals involved in Defendants' communications department;
- Any and all individuals involved with Defendants' marketing and/or advertising of Edible Arrangements franchises to consumers;
- Any and all individuals involved in the issuance of any of the system-wide mandates including but not limited to those mandates that are the subject of the Complaint in this matter;

- Any and all individuals that are responsible for the operation and maintenance of the EAConnect program;

- Any and all individuals that are responsible for the operation of inter-franchise sales involving EAI Store 98;

- Any and all individuals that are responsible for overseeing the marketing fund(s) maintained for the benefit of EAI franchisees;

- Any and all third-parties or entities retained by Defendants in connection with its marketing and/or advertising efforts both in local and national markets;

- Any and all individuals involved with Defendant EAI's central order processing system department;

- Any and all individuals involved with Defendants' franchise sales department;

- Any and all individuals involved in communicating with franchisees regarding recently enacted system-wide mandates;

- Any and all individuals involved in the fulfillment of orders placed on the Dippedfruit.com website; and,

- Any and all individuals that regularly communicate between the entities EAI, DippedFruit, Inc., EAConnect, Inc. or Netsolace, Inc. regarding the services offered by DippedFruit, Inc., EAConnect, Inc. and Netsolace, Inc.

b. All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to:

- EAI's recent system-wide mandates, including, but not limited to, the mandates that are the subject of the Complaint in this matter;

- Defendant EAI's use of marketing/advertising fund and EAI marketing campaign;

- Defendants' research and development of new Edible Arrangements products;

- Defendants operation of the DippedFruit.com website and sales of products by Edible Arrangements franchisees through this website;

- Defendant EAI's operation of inter-franchise sales involving EAI Store 98;

- Defendant Netsolace, Inc.'s software programs, enhancements, and upgrades;

- Defendant EAI's use of a central order processing system prior to commencing usage of the EAConnect Program;

- Defendant EAI's use of the EAConnect Program,

- Defendant EAI's corporate meeting documents;

- Defendant Netsolace, Inc.'s corporate meeting documents;

- Defendant Dippedfruit, Inc.'s corporate meeting documents;

- Defendant EAConnect, Inc.'s corporate meeting documents;

- Defendants' documents relating to franchise committees, associations, franchisee approval of various programs;
- Defendants' customer service departments;
- Defendants' franchise sales strategy and techniques; and
- The security of Defendants' database(s) or website.

    c. All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to:

- EAI's recent system-wide mandates, including, but not limited to, the mandates that are the subject of the Complaint in this matter;
- Defendant EAI's use of marketing/advertising fund and EAI marketing campaign;
- Defendants' research and development of new Edible Arrangements products;
- Defendants operation of the DippedFruit.com website and sales of products by Edible Arrangements franchisees through this website;
- Defendants' operation of inter-franchise sales involving EAI Store 98;
- Defendant Netsolace, Inc.'s software programs, enhancements, and upgrades;
- Defendant EAI's use of a central order processing system prior to commencing usage of the EAConnect Program;
- Defendant EAI's use of the EAConnect Program,
- Defendant EAI's corporate meeting documents;
- Defendant Netsolace, Inc.'s corporate meeting documents;
- Defendant Dippedfruit, Inc.'s corporate meeting documents;
- Defendant EAConnect, Inc.'s corporate meeting documents;
- Defendants' documents relating to franchise committees, associations, franchisee approval of various programs;
- Defendants' customer service departments;
- Defendants' franchise sales strategy and techniques; and
- The security of Defendants' database(s) or website.

    d. All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to:

- EAI's recent system-wide mandates, including, but not limited to, the mandates that are the subject of the Complaint in this matter;
- Defendant EAI's use of marketing/advertising fund and EAI marketing campaign;

**MARKS & KLEIN, LLP**

- Defendants' research and development of new Edible Arrangements products;
- Defendants operation of the DippedFruit.com website and sales of products by Edible Arrangements franchisees through this website;
- Defendants' operation of inter-franchise sales involving EAI Store 98;
- Defendant Netsolace, Inc.'s software programs, enhancements, and upgrades;
- Defendant EAI's use of a central order processing system prior to commencing usage of the EAConnect Program;
- Defendant EAI's use of the EAConnect Program,
- Defendant EAI's corporate meeting documents;
- Defendant Netsolace, Inc.'s corporate meeting documents;
- Defendant Dippedfruit, Inc.'s corporate meeting documents;
- Defendant EAConnect, Inc.'s corporate meeting documents;
- Defendants' documents relating to franchise committees, associations, franchisee approval of various programs;
- Defendants' customer service departments;
- Defendants' franchise sales strategy and techniques; and
- The security of Defendants' database(s) or website.

e. All word processing files, including prior drafts, .jpeg files, .wav files, .mpeg files, and any other audio and video files, "deleted" files and file fragments, containing information about or related to:

- EAI's recent system-wide mandates, including, but not limited to, the mandates that are the subject of the Complaint in this matter;
- Defendant EAI's use of marketing/advertising fund and EAI marketing campaign;
- Defendants' research and development of new Edible Arrangements products;
- Defendants operation of the DippedFruit.com website and sales of products by Edible Arrangements franchisees through this website;
- Defendants' operation of inter-franchise sales involving EAI Store 98;
- Defendant Netsolace, Inc.'s software programs, enhancements, and upgrades;
- Defendant EAI's use of a central order processing system prior to commencing usage of the EAConnect Program;
- Defendant EAI's use of the EAConnect Program,
- Defendant EAI's corporate meeting documents;
- Defendant Netsolace, Inc.'s corporate meeting documents;

**MARKS & KLEIN, LLP**

- Defendant Dippedfruit, Inc.'s corporate meeting documents;
- Defendant EAConnect, Inc.'s corporate meeting documents;
- Defendants' documents relating to franchise committees, associations, franchisee approval of various programs;
- Defendants' customer service departments;
- Defendants' franchise sales strategy and techniques; and
- The security of Defendants' database(s) or website.

    f.  With regard to electronic data created by application programs which process financial, accounting and billing information, all electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to:

- EAI's recent system-wide mandates, including, but not limited to, the mandates that are the subject of the Complaint in this matter;
- Defendant EAI's use of marketing/advertising fund and EAI marketing campaign;
- Defendants' research and development of new Edible Arrangements products;
- Defendants operation of the DippedFruit.com website and sales of products by Edible Arrangements franchisees through this website;
- Defendants' operation of inter-franchise sales involving EAI Store 98;
- Defendant Netsolace, Inc.'s software programs, enhancements, and upgrades;
- Defendant EAI's use of a central order processing system prior to commencing usage of the EAConnect Program;
- Defendant EAI's use of the EAConnect Program;
- Defendant EAI's corporate meeting documents;
- Defendant Netsolace, Inc.'s corporate meeting documents;
- Defendant Dippedfruit, Inc.'s corporate meeting documents;
- Defendant EAConnect, Inc.'s corporate meeting documents;
- Defendants' documents relating to franchise committees, associations, franchisee approval of various programs;
- Defendants' customer service departments;
- Defendants' franchise sales strategy and techniques; and
- The security of Defendants' database(s) or website.

2.    **Online Data Storage on Mainframes and Minicomputers**: With regard to online storage and/or direct access storage devices attached to your clients' mainframe computers and/or minicomputers: they are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of this letter's delivery, which meet the definitions set

forth in this letter, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.

3.   **Offline Data Storage**, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media: With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above:

Your clients are to stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of their computer systems.

4.   **Replacement of Data Storage Devices**: Your clients are not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

5.   **Fixed Drives on Stand-Alone Personal Computers and Network Workstations**: With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: Your clients are not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

6.   **Programs and Utilities**: Your clients are to preserve copies of all application programs and utilities, which may be used to process electronic data covered by this letter or otherwise related to data referenced herein.

7.   **Log of System Modifications**: Your clients are to maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

8.   **Personal Computers Used by Defendants' Employees and/or their Professional Assistants**: The following steps should immediately be taken to safeguard all personal home computers used by your clients' employees and/or their professional assistants.

   a.   As to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full

**MARKS & KLEIN, LLP**

directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and listings are to be preserved until this matter reaches its final resolution,

  b.  All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this letter containing any electronic data relating to this matter are to be collected and put into storage for the duration of this lawsuit.

9. **Evidence Created Subsequent to This Letter**: With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not to be destroyed and your clients are to take whatever steps are appropriate to avoid destruction of evidence. In order to assure that your clients' obligation to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

  Thank you for your cooperation with this matter. Should you have any questions please feel free to contact me.

Very truly yours,

Justin M. Klein

JMK/jes

cc: EAIFA