UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EA INDEPENDENT FRANCHISEE ASSOCIATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EDIBLE ARRANGEMENTS INTERNATIONAL, INC., EA CONNECT, INC., NETSOLACE, INC., DIPPEDFRUIT, INC. and XYZ CORPORATIONS 1-20,<br><br>Defendants. | Case No. 3:10-cv1489 (WWE) |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

**I.   INTRODUCTION**

Although Plaintiff EA Independent Franchisee Association, LLC ("EAIFA") disputes that Defendants have established good cause for a temporary stay of discovery, EAIFA cannot dispute that discretionary stays of discovery while motions to dismiss are pending are fairly common under Rule 26 because the threshold for obtaining such a stay is not particularly high. In this case, the following factors are more than sufficient to support this Court's exercise of discretion to stay discovery pending a decision on Defendants' motion to dismiss for lack of standing:

- Defendants have a strong likelihood of prevailing on their motion to dismiss because EAIFA still has not addressed Defendants' two most compelling arguments supporting EAIFA's lack of standing.

- Defendants' motion to dismiss for lack of standing is jurisdictional in nature and, if granted, this case will end since the jurisdictional defects in EAIFA's Complaint cannot be remedied by re-pleading.

- EAIFA concedes that all of its members are individually obligated to arbitrate the claims asserted by EAIFA on their behalf and that, therefore, its members would

have no right to conduct court-supervised discovery if they had asserted these claims directly.

- Based on EAIFA's vastly overbroad and burdensome document retention letter as well as the allegations of the Complaint, which call into question EAI's disclosure practices and franchise agreements in use throughout its nearly ten-year history of franchising, EAIFA will almost certainly try to pursue wide-ranging, time-consuming and costly discovery of electronically stored information and other documents.

- EAIFA is not able to point to any prejudice from a temporary stay of discovery other than an unsubstantiated concern that unspecified information in Defendants' possession may be lost with the passage of time – a possibility that exists in every case.

- The requested stay of discovery will likely be relatively short-lived, because Defendants' motion to dismiss is already fully briefed and ready for determination.

Since a temporary stay of discovery could save both sides hundreds of thousands of dollars in discovery-related fees and expenses -- while the corresponding cost of a several-month delay in beginning the discovery process is essentially zero -- the factors mentioned above weigh strongly in favor of the Court's exercise of discretion to temporarily stay discovery pending a ruling on Defendants' motion to dismiss.

## II. ARGUMENT

Contrary to EAIFA's contentions, Defendants have established good cause for a stay of discovery under the three factors identified in *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007). First, Defendants' motion to dismiss for lack of standing is very likely to succeed, particularly in light of EAIFA's inability to muster a response to Defendants' two most persuasive arguments for EAIFA's lack of associational standing – the presence of arbitration agreements obligating each of its members to arbitrate the claims at issue, and the necessity of taking any evidence from each franchisee member to determine whether declaratory relief is the most appropriate remedy and is likely to finally resolve the parties' disputes. Second, EAIFA

has done nothing to disavow the notion that it intends to seek wide-ranging discovery to support its broad attack on EAI's disclosure documents and franchise agreements in use at various times over the past ten years, which may result in a great deal of potentially unnecessary time and expense for both sides in reviewing and producing responsive information as well as engaging in virtually inevitable motion practice on discovery. Third, EAIFA cannot point to any prejudice it will suffer if a temporary stay of discovery is granted beyond the unremarkable concern that certain unspecified information may be lost with the passage of time. As a result, Defendants have more than satisfied the modest threshold for obtaining a stay of discovery.[1]

### A. Defendants are Likely to Prevail on Their Motion to Dismiss.

As Defendants observed in their reply brief on their motion to dismiss, EAIFA's defense of its associational standing, in response to both the motion to dismiss and the motion to stay, is more significant for what it doesn't say than for what it does say. In responding to both motions, EAIFA completely fails to address the two most compelling arguments supporting EAIFA's lack of standing. The first of these unrebutted arguments is that the arbitration provisions in the franchise agreements between every EAIFA member and EAI require that all of the claims

---

[1] Contrary to EAIFA's assertion, there is no requirement that the movant make a "strong showing" that there is good cause for a stay of discovery. (*See* Memo in Opposition, p. 8.) The case EAIFA cites for that proposition, *Johnson v. New York University School of Education*, 205 F.R.D. 433 (S.D.N.Y. 2002), makes no reference whatsoever to a so-called "strong showing" as a prerequisite to a stay of discovery. EAIFA also contends that the party seeking to stay discovery "must demonstrate some legitimate reasons beyond their not wanting to incur expense in the discovery process," and cites to *Moss v. Hollis*, 1990 U.S. Dist. LEXIS 13647 (D. Conn. June 29, 1990), in support of that proposition. That contention is frivolous on its face. Apart from the fact that the *Moss* case stands for no such thing, the justification for a stay of discovery is always, and only, the avoidance of potentially unnecessary discovery expense. The reasons why a stay of discovery makes eminent sense in this case are that the potential for cost avoidance is very high (given the substantial likelihood of Defendants' prevailing on the underlying motion to dismiss), the cost to be avoided is especially great (given the broad scope of EAIFA's anticipated discovery requests), and the prejudice to EAIFA if the temporary stay is granted is non-existent.

asserted in the Complaint be resolved on a franchisee-by-franchisee basis in arbitration and not collectively in a lawsuit, and thus the individual participation of EAIFA's members is required to enforce those arbitration provisions. The second argument that EAIFA leaves unaddressed on both motions is that the declaratory relief sought in the Complaint likewise requires the participation of each EAIFA member to enable this Court to make the required discretionary determination under the Declaratory Judgment Act whether declaratory relief is the most effective remedy and will finally resolve the parties' disputes, or whether individual franchisees intend to pursue additional claims for damages. Defendants will not re-argue those points here but simply refer the Court to their reply brief on the motion to dismiss for a complete explication of these grounds for dismissal and why they require dismissal for lack of standing, regardless of whether the only standing argument EAIFA does address on both motions – whether the nature of its substantive claims likewise requires the participation of each EAIFA member – also weighs in favor of dismissal for lack of standing. (*See* Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss for Lack of Standing, pp. 2-5 [Docket # 33].)[2]

Moreover, a stay of discovery does not require a particularly strong showing of a likelihood of success on the underlying motion to dismiss. In fact, courts have variously described the grounds for dismissal that were found sufficient to justify a stay as "raising substantial issues," or raising issues that were beyond "idle speculation," or as "not unfounded in

---

[2] As Defendants also explained in their reply brief on the motion to dismiss, EAIFA's claims for breach of contract and violations of the Connecticut Unfair Trade Practices Act (CUTPA) likewise require the participation of each member of EAIFA to prove the elements of breach and fact of damage for the breach of contract claims and the requirement of an ascertainable loss of money or property for individual standing under CUTPA. (*See* Defendants' Reply Memo, pp. 5-10.) Thus, Defendants are likely to prevail on their motion to dismiss no matter how the individual participation requirement is analyzed for standing purposes – whether from the perspective of the appropriate forum for resolving disputes (arbitration) or the type of relief sought (declaratory judgment) or the nature of the claims (breach of contract and CUTPA).

the law." (*See* Defendants' Memo in Support, p. 7 (citing cases).) Thus, because stays of discovery often hold out the promise of substantial cost savings and little downside risk, courts have required a far lesser showing than a strong likelihood of prevailing on the underlying motion to dismiss.

Finally, Defendants' motion to dismiss is not based on pleading deficiencies in the Complaint that EAIFA could conceivably correct if the motion were granted and EAIFA were allowed to replead. Instead, the motion to dismiss is addressed to the Court's Article III power to hear the dispute in the first instance. If the Court determines that EAIFA lacks associational standing, no amount of repleading can cure that defect. And unless and until the Court concludes that it has subject-matter jurisdiction over the case, it is premature for the Court to be supervising discovery under the Federal Rules of Civil Procedure, particularly when that discovery may well be an arbitrator's sole province to oversee. In short, the substantial likelihood that this case will not survive Defendants' motion to dismiss for lack of standing weighs decidedly in favor of a temporary stay of discovery until that motion is decided. *See, e.g., Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (observing that stays of discovery are appropriate where there are "pure questions of law that are potentially dispositive, . . . such as where a challenge is directed to the Court's jurisdiction") (citations omitted).

B. **In the Absence of a Stay, EAIFA is Likely to Pursue Broad Discovery to Which it is Not Entitled.**

EAIFA does not dispute that its nine-page "legal hold" letter cautioned Defendants to preserve virtually every email sent or received by Defendants' employees in the past ten years as well as all other electronic documents created by those individuals, regardless of whether those emails or electronic documents have anything to do with the issues in this lawsuit. While Defendants submit that the letter is vastly overbroad and unduly burdensome in terms of the

information it seeks to preserve, the letter makes no secret of EAIFA's intention to conduct extremely broad and burdensome discovery. EAIFA also does not dispute that the allegations of its Complaint call into question EAI's disclosure documents and franchise agreements utilized at various times throughout its nearly ten-year history of franchising and that, as a consequence, EAIFA's anticipated discovery cannot help but be wide-ranging and costly. EAIFA side-steps these observations and instead quibbles that it has not yet propounded any discovery requests and that, therefore, Defendants' motion to stay discovery is premature because Defendants are only speculating on the scope of EAIFA's discovery requests.[3] However, EAIFA could have easily allayed Defendants' concerns by attaching its proposed discovery to its response brief in order to convince the Court that Defendants' fear of costly and potentially unnecessary discovery was overblown. Of course, EAIFA's failure to do so strongly suggests that its intimations that the discovery it intends to pursue in this case will not be burdensome or costly should not be given much credit or taken at face value.[4]

As Defendants pointed out in their initial brief, EAIFA is not even entitled to pursue discovery on its claims because it is asserting those claims on behalf of its franchisee members, each of whom is admittedly obligated to arbitrate the claims on an individual basis with Defendants and conduct any discovery under the auspices of the American Arbitration Association as required by those arbitration agreements. EAIFA responds that it is not a party to

---

[3] On the contrary, Defendants' motion to stay discovery was timely filed on December 9, 2010, inasmuch as the deadline for counsel to conduct their Rule 26(f) conference was the next day, December 10, 2010.

[4] EAIFA claims that its case can be proven primarily through Defendants' own documents, with only "some limited individual participation by certain franchisees in discovery." (Memo in Opposition, p. 17.) Even if EAIFA holds to that litigation strategy, it hardly follows that the discovery requests it intends to serve on Defendants will not be extensive -- and therefore expensive to comply with.

the arbitration agreements and therefore is not bound to arbitrate any disputes it has with Defendants or conduct any discovery regarding those disputes within the confines of an arbitration proceeding. While that may be true, it is entirely beside the point because EAIFA is not asserting any of its own claims against Defendants but rather claims that belong solely to its members -- claims that its members have agreed to resolve exclusively in an arbitration forum and on a franchisee-by-franchisee basis, rather than collectively through an association. For this very reason, courts have concluded that associations whose members are contractually obligated to arbitrate their disputes with a third party do not have associational standing to sue the third party on behalf of their members. *See, e.g., Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 713 F. Supp. 2d 734, 744 (N.D. Ill. 2010) (finding that association of chiropractic physicians lacked standing under the third prong of *Hunt* because "the participation of individual members is required to determine whether which if any of their claims are subject [to] arbitration"); *Pennsylvania Psychiatric Society v. Green Spring Health Services, Inc.*, 2000 WL 33365907 at *7 (W.D. Pa. Mar. 24, 2000) (observing that "avoidance of an arbitration provision by suing through a surrogate is simply not an appropriate use of associational standing"). And if EAIFA does not have associational standing, it cannot pursue discovery in a judicial forum in furtherance of its members' arbitrable claims.[5]

---

[5] EAIFA readily admits in its response brief that it has not assumed the contract rights in any of its members' franchise agreements with EAI. (See Memo in Opposition, p. 15.) As Defendants pointed out in their initial brief in support of their motion to dismiss, at least one federal court has denied standing to a franchisee association that was attempting to bring breach of contract claims on its members' behalf on that very basis – i.e., that the association had not assumed or taken an assignment of the contract rights of its members and therefore had no right to sue on their behalf under the contracts. (*See* Defendants' Memo in Support of Their Motion to Dismiss, p. 23 n. 4 (citing *Council of Hygiene Franchisees v. Swisher Hygiene Franchise Corp.*, No, CV-02-6136 (C.D. Cal. May 30, 2003)) [Docket # 26].)

### C. EAIFA has not Identified any Prejudice From a Temporary Stay of Discovery.

EAIFA cites *Waterbury Hospital v. U.S. Food Service, Inc.*, 2007 WL 328899 (D. Conn. Feb. 1, 2007), for the proposition that a stay of discovery should be denied where a delay in discovery increases the risk that relevant documents could be lost or destroyed. However, in *Waterbury Hospital*, the plaintiff "presented credible affidavit evidence" that the defendant was in the process of being sold by its parent company and that the sale "would increase the risk that relevant documents would be lost or destroyed." *Id.* at *6. Here, by contrast, EAIFA has come forward with no sworn statement supporting a concrete risk of destruction or loss of relevant documents, but only a vague concern that the passage of time might increase the risk that particular discovery items will be lost or destroyed. (*See* Memo in Opposition, p. 18.)[6] Of course, if EAIFA's unspecified and unsupported concern about the possible disappearance over time of discoverable documents were all it took to demonstrate enough prejudice to defeat a request for a stay of discovery under Rule 26, no stay would ever be granted because that risk can never be eliminated entirely in any case. Not surprisingly, EAIFA does not cite to any case in which prejudice was found under circumstances remotely similar to those here. In this case, the stay is likely to be short-lived – only until the fully briefed motion to dismiss is decided – and there is no legitimate concern that documents will be lost or destroyed other than through the mere passage of time. Consequently, EAIFA has not come close to demonstrating that it would prejudiced by a temporary stay of discovery.

---

[6] It is difficult to take seriously EAIFA's professed concern about the disappearance of discoverable information if a stay is granted since it has done nothing to advance the discovery process other than send out its "legal hold" notice on November 3, 2010.

## III. CONCLUSION

Based on all of the reasons above, Defendants respectfully request that the Court enter an order staying discovery in this action until it has ruled on Defendants' motion to dismiss for lack of standing.

        THE DEFENDANTS,
        EDIBLE ARRANGEMENTS
        INTERNATIONAL, INC., EA CONNECT, INC.,
        NETSOLACE, INC. AND DIPPEDFRUIT, INC.


By: /s/James T. Shearin
    James T. Shearin, Esq. (ct 01326)
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT  06601-7006
    Juris No. 47892
    Phone:  (203) 330-2000
    Facsimile (203) 576-8888
    E-mail:  jshearing@pullcom.com


By: /s/John F. Verhey
    John F. Verhey, Esq.
    DLA Piper LLP (US)
    203 North LaSalle Street, Suite 1900
    Chicago, IL  60601-1293
    Phone:  (312) 368-4044
    Facsimile:  (312) 251-2194
    E-Mail:  john.verhey@dlapiper.com

## CERTIFICATION

I hereby certify that on February 4, 2011, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *James T. Shearin*
James T. Shearin

ACTIVE/74139.1/JTS/2367659v1