**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EA INDEPENDENT FRANCHISEE | : | |
| ASSOCIATION, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-1489 (WWE) |
| | : | |
| EDIBLE ARRANGEMENTS | : | |
| INTERNATIONAL, INC., ET AL., | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION**

Defendants Edible Arrangements International, Inc. ("Edible Arrangements"), EA

Connect, Inc. ("EA Connect"), Netsolace, Inc. ("Netsolace"), and Dipped Fruit, Inc.

("Dipped Fruit"), move to dismiss the complaint filed by plaintiff EA Independent

Franchisee Association, LLC ("plaintiff"), for lack of standing.  For the following reasons,

defendants' motion will be denied.

**BACKGROUND**

Plaintiff, a Michigan limited liability company, represents more than 170

franchisees of Edible Arrangements, a Connecticut corporation that has several

Connecticut corporate affiliates, including EA Connect, Netsolace, and Dipped Fruit.

Plaintiff alleges that Edible Arrangements violated federal regulations by failing to

disclose its relationships with its affiliates while requiring its franchisees to do business

with them.  Plaintiff also alleges that there were undisclosed fees associated with

franchisees' mandatory use of an online ordering system provided by EA Connect and

computer software provided by Netsolace.

Plaintiff further alleges that Edible Arrangements improperly imposed new rules

requiring longer franchise hours of operation and the purchase of supplies from only certain vendors.  According to the complaint, Edible Arrangements has sanctioned franchisees who do not comply with the new rules by imposing special costs and barring them from filling orders placed via the Edible Arrangements website.  The complaint also alleges that franchisees paid for national advertising, but Edible Arrangements used the money for the benefit of itself and Dipped Fruit, which operates a website selling products similar to those of Edible Arrangements.  According to the complaint, Edible Arrangements unfairly allows only selected franchisees to fill orders for Dipped Fruit.

Plaintiff seeks a declaratory judgment that defendants breached their franchise agreements, violated the implied covenant of good faith and fair dealing, and violated the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. § 42-110a et seq.  Jurisdiction is grounded in diversity of citizenship pursuant to 28 U.S.C. § 1332.

## DISCUSSION

In considering a motion to dismiss for lack of standing, the Court construes the complaint in favor of the plaintiff, accepting the material allegations as true.  Kendall v. Employees Ret. Plan of Avon Prods., 561 F.3d 112, 118 (2d Cir. 2009).  An association, such as plaintiff in this case, has standing to sue if:  "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  Bldg. & Constr. Trades Council of Buffalo, N.Y. & Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 144 (2d Cir. 2006).

2

Defendants briefly challenge the first prong of associational standing.  They assert that plaintiff's members probably lack individual standing, which requires the showing of an injury that is concrete, particularized, and actual or imminent; traceability to the defendants' actions; and redressability by a favorable ruling.  Green Party of Conn. v. Garfield, 616 F.3d 213, 242 (2d Cir. 2010).  Defendants argue that in order to allege an injury, plaintiff must identify at least one franchisee injured by each of the defendants' allegedly improper actions.  However, "[t]here is no heightened pleading requirement for allegations of standing. . . .  [G]eneral factual allegations of injury resulting from the defendant's conduct may suffice" in the early stages of litigation.  Bldg. & Constr. Trades Council, 448 F.3d at 145.  Plaintiff therefore does not need to identify specific franchisees.  Defendants also argue that the complaint does not support redressability because plaintiff limited its claim to declaratory relief and did not request damages.  The Court disagrees.  Redressability is "a non-speculative likelihood that the injury can be remedied by the requested relief."  Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 89 (2d Cir. 2009).  Failing to request damages does not make the declaration sought by plaintiff a speculative form of relief because the declaration would specifically address the defendants' conduct.

Defendants do not challenge the second prong of associational standing.  They devote most of their argument to the third prong, asserting that plaintiff's members would be required to participate in the lawsuit, thereby depriving plaintiff of standing.  Defendants point out that the Edible Arrangements franchise agreement requires arbitration of disputes, and they argue that franchisees should not be allowed to evade that requirement by forming an association for the purpose of bringing litigation.

3

However, defendants themselves explain that plaintiff "has no right or obligation to arbitrate . . . on behalf of its members."  The arbitration provision of the individual members' franchise agreements does not require the Court to conclude that plaintiff lacks standing.

Defendants attempt to link plaintiff's allegations to defendants' argument in favor of individual participation and against associational standing.  As to the fees for EA Connect's online ordering system and Netsolace's computer software, defendants contend that "there are at least three significantly different versions of the franchise agreement at issue and at least as many different versions of [disclosure documents]." Defendants thus suggest that plaintiff's members must rely on different facts.  However, Edible Arrangements states that it "believes that under all of the relevant versions of its franchise agreement and [disclosure documents] it has the right to charge a fee . . . ." The existence of three different versions of the relevant writings does not establish the need for individual participation.  Defendants acknowledge that the versions all provide for a fee, and the propriety of such fees is the focus of plaintiff's complaint.  The Court can consider each of the versions and their corresponding fees without receiving individual guidance from plaintiff's members.

Defendants further argue that plaintiff's members may have had different experiences with the new rules requiring longer franchise hours of operation and the purchase of supplies from only certain vendors.  Defendants point out that the complaint alleges that Edible Arrangements has sanctioned some franchisees who do not comply with the new rules and that Edible Arrangements unfairly selects only certain franchisees to fill orders for Dipped Fruit.  Therefore, defendants contend that

4

these claims will require the individual testimony of plaintiff's members.  The Court disagrees because defendants' arguments address the damages that plaintiff's members may have sustained.  Plaintiff is seeking only declaratory relief.  The complaint puts at issue the propriety of defendants' rules and actions, not the degree to which individual franchisees may have been hurt by having to keep their franchises open longer hours, having to purchase supplies from approved vendors, and not being able to fill orders for Dipped Fruit.  "[W]here the organization seeks a purely legal ruling without requesting that the federal court award individualized relief to its members, the [associational standing] test may be satisfied."  Bldg. & Constr. Trades Council, 448 F.3d at 150.

Plaintiff asserts that it can prove its allegations by using only experts and defendants' documents.  At this early stage of litigation, the Court will afford plaintiff the opportunity to do so.  As the case progresses, the Court may reconsider plaintiff's ability to maintain standing if circumstances warrant.  See Penn. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278, 287 (3d Cir. 2002).

## CONCLUSION

Defendants' motion to dismiss (Doc. #25) is DENIED.

Dated at Bridgeport, Connecticut, this 19th day of July, 2011.


_____/s/_____
Warren W. Eginton
Senior United States District Judge