UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EA INDEPENDENT FRANCHISEE ASSOCIATION, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>EDIBLE ARRANGEMENTS INTERNATIONAL, INC., EA CONNECT, INC., NETSOLACE, INC., DIPPEDFRUIT, INC. and XYZ CORPORATIONS 1-20,<br><br>**Defendants.** | Case No. 3:10-cv1489 (WWE) |

## DEFENDANTS' MOTION FOR RECONSIDERATION AND FOR STAY OF DISCOVERY

Defendants Edible Arrangements International, Inc. ("EAI"), EA Connect, Inc., Netsolace, Inc., and Dippedfruit, Inc. (collectively, "Defendants"), by their attorneys, pursuant to Fed. R. Civ. P. 59(e) and Local Rule 7(c)(1), submit this motion (i) for reconsideration of the Court's July 19, 2011 Memorandum of Decision ("Decision") denying their motion to dismiss the Complaint filed by Plaintiff EA Independent Franchisee Association, LLC ("EAIFA") for lack of standing, and (ii) for a stay of discovery pending a decision on their motion for reconsideration. In support of their motion, Defendants state as follows:

1. On July 19, 2011, this Court issued its Decision denying Defendants' motion to dismiss the Complaint for lack of standing. The Court found, among other things, that because EAIFA itself had no right or obligation to arbitrate, the "arbitration provision of the individual members' franchise agreements does not require the Court to conclude that plaintiff lacks standing." Decision, p. 4.

2. Defendants seek reconsideration of the Decision because (a) the factual record is sufficiently developed for the Court to find that no subject-matter jurisdiction exists; (b) there is extensive authority that uniformly holds that associations cannot pursue claims on behalf of their members when their members have agreed to mandatory arbitration of those claims; and (c) failure to grant reconsideration will work a manifest injustice on Defendants by impairing their right to arbitrate with as many as 170 franchisees and causing Defendants to forfeit the benefits of arbitration.

3. In addition, good cause exists to grant a stay of discovery until the Court decides the motion for reconsideration because (a) Defendants' motion for reconsideration is well-grounded and likely to succeed; (b) EAIFA intends to conduct extremely broad and burdensome discovery if a stay is not granted; and (c) EAIFA would not suffer any prejudice if a temporary stay of discovery is granted.

4. In further support of their motion, Defendants submit herewith their supporting memorandum of law and request oral argument on the motion.

WHEREFORE, for all reasons stated above, Defendants respectfully request that the Court enter an order (1) granting reconsideration of its July 19, 2011 Memorandum of Decision denying Defendants' motion to dismiss; (2) granting Defendants' motion to dismiss and dismissing this case for lack of subject-matter jurisdiction; and (3) staying discovery until the Court decides Defendants' motion for reconsideration. Alternatively, Defendants request that the Court set a briefing schedule on whether its decision on the motion to dismiss should be certified for interlocutory appeal under 28 U.S.C. § 1292.

**THE DEFENDANTS, EDIBLE ARRANGEMENTS INTERNATIONAL, INC., EA CONNECT, INC., NETSOLACE, INC. and DIPPEDFRUIT, INC.**

By: /s/James T. Shearin
    James T. Shearin, Esq. (ct 01326)
    Pullman & Comley, LLC
    850 Main Street, P.O. Box 7006
    Bridgeport, CT 06601-7006
    Juris No. 47892
    Phone: (203) 330-2000
    Facsimile (203) 576-8888
    E-mail: jshearing@pullcom.com

By: /s/John F. Verhey
    John F. Verhey, Esq.
    DLA Piper LLP (US)
    203 North LaSalle Street, Suite 1900
    Chicago, IL 60601-1293
    Phone: (312) 368-4044
    Facsimile: (312) 251-2194
    E-Mail: john.verhey@dlapiper.com

## CERTIFICATION

I hereby certify that on August 1, 2011, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/John F. Verhey  
Admitted Pro Hac Vice