UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EA INDEPENDENT FRANCHISEE ASSOCIATION, LLC, | : : : | |
|     Plaintiff, | : : | |
| v. | : : | 3:10-cv-1489 (WWE) |
| EDIBLE ARRANGEMENTS INTERNATIONAL, INC., ET AL., | : : : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON MOTION TO COMPEL

This action commenced when EA Independent Franchisee Association, LLC ("EAIFA") filed an action in federal court for a declaratory judgment that defendants Edible Arrangements International, Inc. ("Edible"), EA Connect, Inc. ("EA Connect"), Netsolace, Inc. ("Netsolace"), and Dipped Fruit, Inc. ("Dipped Fruit") breached their franchise agreements, violated the implied covenant of good faith and fair dealing, and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq.

Edible Arrangements and its affiliates EA Connect, Netsolace, and Dipped Fruit (collectively, "Petitioners") then sought to compel arbitration pursuant to the arbitration provision in the franchise agreements. Petitioners seek to arbitrate the disputes between them and Newbrook, Inc., Edibles of Grand Blanc, LLC, Gourmet Delights, LLC, and John Does/Jane Does/Doe Entities (collectively, "Respondents"). For the following reasons, the motion to compel will be granted.

### DISCUSSION

Congress enacted the Federal Arbitration Act, 9 U.S.C. Sections 1 et seq., to

codify a strong national policy in favor of arbitration. Courts confronted with a dispute between parties subject to arbitration must "construe arbitration clauses as broadly as possible." S.A. Mineracao de Tridade-Samitri v. Utah Int'l. Inc., 745 F.2d 190, 194 (2d Cir. 1984). "Arbitration should be ordered unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." McMahan Securities Co. L.P. v. Forum Capital Markets L.P., 35 F.3d 82, 88 (2d Cir. 1994). In evaluating a motion under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).

Section 2 of the Federal Arbitration Act provides that arbitration agreements "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA requires the courts to stay litigation of arbitrable claims pending arbitration of those claims, and Section 4 requires courts to compel arbitration in accordance with the terms of the agreement upon motion of either party to the agreement.

Agreement to Arbitrate

The Court must consider two issues: (1) whether the parties agreed to arbitrate; and (2) whether the scope of the arbitration clause covers the asserted claims. Mehler v. Terminix Int'l Co., L.P., 205 F.3d 44, 47 (2d Cir. 2000).

Section 20F of the Franchise Agreement between Edible and its franchisees provides that the parties will arbitrate "all controversies, disputes or claims between [Edible] and its affiliates, and their respective shareholders, officers, directors, agents, and/or employees, and Franchisee . . . arising out of or related to: (1) this [Franchise]

Agreement or any other agreement between them; (2) [Edible's] relationship with Franchisee; (3) the validity of this [Franchise] Agreement or any other agreement between them; or (4) any System Standard.

There is no dispute that the parties agreed to arbitrate. The claims at issue, which were originally brought by EAIFA against Petitioners, concerns Edible's alleged unfair imposition of "a series of system-wide changes on its franchisees." The complaint alleges that Petitioners have failed to make proper disclosures concerning the nature of Edible's relationships with its affiliates and the existence of financial obligations of its franchisees; have unfairly imposed certain mandates concerning extended hours and purchase of produce from certain vendors; and have instituted certain practices that unfairly drains profits away from the franchisees. These claims clearly fall within the scope of the arbitration agreement.

Respondents' Arguments against Arbitration

Respondents arguments against compelling arbitration concern the Court's prior ruling on EAIFA's associational standing, the ripeness of the dispute at issue, and Petitioners' alleged waiver of their rights to arbitrate. These arguments do not preclude compelling arbitration.

First, the Court's rulings on EAIFA's associational standing does not bear on the Petitioners' claim to compel arbitration. Section 4 requires courts to compel arbitration in accordance with the terms of the agreement upon motion of either party to the agreement, and the Court will do so here where there is a valid arbitration agreement binding Petitioners and Respondents to arbitrate the disputed claims.

Further, Respondents' argument that the motion to compel arbitration is not ripe

fails.  The underlying suit by EAIFA alleges that its members have been injured by Petitioners' conduct.  Respondents are members of EAIFA and the complaint details the specific conditions imposed and breaches of disclosure requirements by Petitioners that have harmed Respondents.  Petitioners assert that Edible has a broad reservation of rights in the franchise agreements to change and adopt the franchise system and that the franchisees agreed to abide by those changes and bear the reasonable costs of so doing.  Petitioners assert rights that have been challenged on behalf of Respondents and Petitioners are entitled to determine the extent of their rights under the Franchise Agreement.  This dispute is ripe for resolution.

Finally, Respondents' argument that Petitioners' litigation of the underlying case brought by EAIFA constitutes a waiver of the right to arbitrate lacks merit.  The right to arbitration may be waived although waiver of that right will not be lightly inferred due to the strong presumption favoring arbitration.  Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812, 242 F.3d 52, 57 (2d Cir. 2001).  Any doubts concerning whether there has been a waiver are resolved in favor of arbitration.  Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20, 25 (2d Cir. 1995).  Waiver is more likely to be found the longer the litigation goes forward, the more a party avails itself of the opportunity to litigate and the more that the party's litigation results in prejudice to the opposing party.  Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 105 (2d Cir. 2002).

In this instance, Petitioners sought to dismiss an action brought by a non-party to the arbitration agreement.  In their papers seeking dismissal of the underlying action, Petitioners made clear that they intended to enforce the arbitration agreement made

with Respondents. The extent of litigation has not been extensive: (1) This Court has only ruled on the issues relevant to the associational standing of EAIFA; (2) the parties have prepared a Rule 26(f) report; and (3) the parties have participated in settlement agreement.  Finally, Respondents have not suffered any prejudice by the litigation of the action brought by EAIFA, a non-party to the arbitration agreement.  The parties are not deep within litigation and have not had the benefit of information obtained through discovery.   Accordingly, in light of the fact that the underlying litigation has involved a non-party to the arbitration agreement and because no factor weighs in favor of waiver, the Court will grant the motion to compel arbitration.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to compel arbitration (doc. # 10) is GRANTED.

Respondents and other members of EAIFA are compelled to arbitrate the claims asserted in this underlying lawsuit.  Such claims shall be arbitrated in accordance with the parties' arbitration agreements in Connecticut.

The Court shall stay the proceedings in the underlying lawsuit pending resolution of the individual franchisee arbitrations.

Dated this _22d____ day of November, 2012 at Bridgeport, Connecticut.

                                    /s/
                     ---------------------------------------------
                     Warren W. Eginton
                     Senior U.S. District Judge